■ DENISE C. LEE, Respondent, v HOLLY A. LEE, Appellant. —Appeal from an order of the Supreme Court (Dier, J.), entered June 18, 1991 in Warren County, which, *inter alia,* determined defendant's maintenance payments to plaintiff.

Pursuant to a separation agreement which was incorporated but not merged into their judgment of divorce, the parties agreed that the maintenance payments to plaintiff would be equal to one half of defendant's biweekly net salary. This provision, which did not take into account any income that plaintiff may have had, only applied to maintenance prior to the sale of the marital residence. With respect to maintenance payments after the marital residence was sold, the agreement provided that: "[defendant] shall continue to pay to [plaintiff]

a sum equal to one-half (1/2) of his bi-weekly salary or a sum allowing the parties to each maintain an equal net weekly income taking into account all sources of income".

Before the marital residence was sold, the parties were involved in a dispute with respect to the maintenance payments. At that time defendant put forth evidence as to what the parties intended by the phrase "net salary" when the separation agreement was executed. One of Supreme Court's specific findings in resolving this prior dispute was its determination that the net salary for purposes of computing maintenance equaled gross salary minus all Federal and State taxes *and* an $80 credit union payment. Now defendant again comes before Supreme Court subsequent to the sale of the marital residence for another determination as to his maintenance obligation. When Supreme Court calculated defendant's weekly maintenance payment of $184,[1] it failed to include the $80 credit union payment as a deduction from his gross salary.

Defendant's only contention on this appeal is that Supreme Court erred in failing to deduct the $80 credit union payment from his gross salary in determining his net salary.[2] We agree. On this record we see no reason for Supreme Court to change the meaning of "net salary" after the sale of the marital residence. Having once found that the intentions of the parties in determining defendant's net salary was to include a deduction of the $80 payment, it was error to fail to adhere to that definition, especially because nothing in the separation agreement mandates a different definition. In fact, in the affidavit of plaintiff's attorney he admits that defendant's net salary includes a deduction for the credit union payment. Consequently, defendant's weekly payments to plaintiff should

---

1. Based on the figures that Supreme Court used to arrive at the net salaries of each party, it appears that Supreme Court miscalculated the weekly maintenance payment to plaintiff as $184. Instead, the amount should have been $179.75 calculated as follows: $1,035 (defendant's net salary as determined by Supreme Court) plus $316 (plaintiff's net salary as determined by Supreme Court) equals $1,351 (total net income), divided by 2 equals $675.50 (total net income each should receive), minus $316 (plaintiff's net salary) equals $359.50 (defendant's biweekly payment to plaintiff), or a weekly payment of $179.75.

2. Neither party claims any error with respect to the gross salary figures or the figures that Supreme Court used for the Federal and State taxes which it deducted from their respective gross salaries. This includes the fact that Supreme Court adjusted plaintiff's net salary to indicate a 40-hour week.

be reduced to $159.75.[3] Supreme Court's order should be modified accordingly.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by determining that defendant's weekly maintenance payment to plaintiff is $159.75, and, as so modified, affirmed.

---

3. This weekly maintenance figure was arrived at as follows: $1,035 (defendant's net salary as determined by Supreme Court) minus $80 (credit union payment) equals $955 (defendant's adjusted net salary), plus $316 (plaintiff's net salary) equals $1,271 (total net income), divided by 2 equals $635.50 (total net income each party should receive), minus $316 (plaintiff's net salary) equals $319.50 (defendant's biweekly payment to plaintiff), or a weekly payment of $159.75.